Filed 6/11/25  P. v. Goodenough CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C101783 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CR2024-0137 & CR2023-0609) |
| v. | |
| COURTNEY ANN GOODENOUGH, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Courtney Ann Goodenough has asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Having conducted this review and finding no errors that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

On September 21, 2023, defendant pleaded no contest to elder theft (Pen. Code,[1] § 368, subd. (d)), three counts of identity theft (§ 530.5, subd. (c)(2)), and making a false insurance claim (§ 550, subd. (a)(1)) in Yolo County Superior Court case No. CR2023-0609 (case No. CR2023-0609), in exchange for a four-year split term and the remaining counts dismissed with a *Harvey* waiver. (*People v. Harvey* (1979) 25 Cal.3d 754.) Counsel for the parties stipulated to the preliminary hearing transcript as the factual basis for the plea. Sentencing was set for December 14, 2023. Defendant failed to appear for sentencing, and the trial court issued a bench warrant.

On February 22, 2024, defendant pleaded no contest to identity theft (§ 530.5, subd. (c)(2)) in Yolo County Superior Court case No. CR2024-0137 (case No. CR2024-0137), in exchange for an eight-month sentence to be added to the sentence on defendant's previous plea, with the split to be determined. The prosecutor recited the factual basis for the plea: On October 30, 2023, a search of defendant's apartment revealed multiple credit cards and checking information stolen several days earlier from people who reported their cars and mailboxes broken into. A second count alleged in the complaint was dismissed with a *Harvey* waiver. (*People v. Harvey, supra*, 25 Cal.3d. 754.) Case No. CR2024-0137 was joined with case No. CR2023-0609 for sentencing.

On March 7, 2024, in case No. CR2023-0609, the trial court sentenced defendant to the lower term of two years for elder theft, eight months (one-third of the middle term) for each of the three identity theft counts, and three years concurrent on the false insurance claim count. In case No. CR2024-0137, the trial court sentenced defendant to eight months (one-third of the middle term) consecutive to the sentence imposed in case No. CR2023-0609. The total sentence imposed was four years eight months. The court

---

[1] Undesignated section references are to the Penal Code.

2

awarded custody credit of three actual days and two conduct days in case No. CR2023-0609, and ordered that 730 days of defendant's sentence be served in custody or alternative custody as directed by the Yolo County Sheriff and 730 days under mandatory supervision. In case No. CR2024-0137, the court awarded custody credit of 37 actual days and 36 conduct days and ordered defendant to serve 122 days in custody or alternative custody and 121 days under mandatory supervision, consecutive to the term imposed in case No. CR2023-0609.

Finally, the trial court imposed statutory minimum restitution fines, and supervision revocation fines (stayed pending revocation) in both cases. In case No. CR2023-0609, the court awarded $639 victim restitution to an insurance company and reserved jurisdiction on restitution to another victim. The trial court also reserved jurisdiction on restitution in case No. CR2024-0137.

This court granted defendant's request for relief from the untimely filing of a notice of appeal, deeming the notice timely for all appellate purposes. Defendant's notice of appeal requested a certificate of probable cause, on which the trial court did not rule.[2]

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d at p. 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

---

**2**    The notice of appeal references only case No. CR2024-0137. However, since case Nos. CR2023-0609 and CR2024-0137 were joined for purposes of sentencing, the trial court issued a joint abstract of judgment, and the augmented record includes the reporter's and clerk's transcript for case No. CR2023-0609, we construe the notice of appeal to include both cases. (Cal. Rules of Court, rule 8.100 (a)(2).)

Having undertaken an examination of the entire record pursuant to *Wende* and finding no errors that would result in a disposition more favorable to defendant, we will affirm the judgment.

DISPOSITION

The judgment is affirmed.

_____\s\_____,
Krause, J.

We concur:

\_\_\_\_\_\s\_____,
Mauro, Acting P. J.

\_\_\_\_\_\s\_____,
Duarte, J.